438

## No. 18,157.

PEOPLE OF THE STATE OF COLORADO EX REL. THE ATTORNEY GENERAL *v.* BERT E. GREGORY, ET AL.

(312 P. [2d] 512)

Decided June 10, 1957.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NORMAN E. BERMAN, Special Assistant, for relator.

Mr. MERRITT D. VONDY, for respondents.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THIS is an original proceeding brought by the attorney general in behalf of the people charging the respondents, neither of whom are, or have ever been, licensed to practice law in the state of Colorado, with the violation of C.R.S. '53, Chapter 12, in that they have been engaged

in the unauthorized practice of law in the following respects:

(1) By advertising, representing, and holding themselves out as attorneys at law or counsellors at law and qualified to prepare legal documents and render legal services.

(2) That on June 2, 1955, respondent Mary B. Gregory drafted and prepared two wills, one for Ruby A. Tilgren, the other for Anton Tilgren, and supervised the execution and attestation thereof, and for which service a fee was charged and collected.

(3) That on or about July 6, 1955, the respondent Bert E. Gregory prepared for a husband and wife an agreement for the custody of the children of the parties, rights of visitation, support payment, division of property and payment of debts of the parties, and for which service a fee was charged and collected.

(4) That on July 31, 1955, the respondent Bert E. Gregory drafted and prepared for one Porfirio Alvarado a power of attorney to be executed by one Marguerito Alvarado and gave to the parties to said power of attorney legal advice in connection therewith, and for which service a fee was charged and collected.

(5) That the respondent Bert E. Gregory during the year 1956 prepared for more than thirteen different persons complete sets of bankruptcy papers and caused the same to be filed in the United States District Court in Denver, and for which services he charged and collected amounts varying from twenty dollars to thirty-five dollars for each case so handled.

In answer to the charges respondent Mary B. Gregory denied the same, whereas respondent Bert E. Gregory admitted that he did fill in certain forms with the typewriter but that in doing so he only typed the words that he was told to type by the interested parties, and that in so doing he was not practicing law.

The issues made by the pleadings were referred by the Court to the Honorable Wilbur M. Alter as Master

to conduct a hearing and report his findings and recommendations to the Court. Pursuant to the order of reference, hearing was had before the Master and findings made and filed herein. By stipulation of the parties prior to the hearing the charges against Mary B. Gregory were dismissed.

The Master found that the respondent Bert E. Gregory was guilty of (1) preparing a power of attorney for a fee of $2.50; (2) preparing for more than thirteen persons complete sets of petitions and schedules in bankruptcy for which services he charged amounts varying from $20.00 to $35.00 per case; (3) preparing wills for two persons and for such services charging $6.00; (4) having had published in the Denver papers the following advertisement:

### "BANKRUPTCY

"Application blanks furnished, typed, corporation applications, wills, certificates of title, contracts, adoption, birth certificates, notarized. Open nights. Bert E. Gregory, 220 S. Bdway., Sp. 7-4415."

The Master's findings are abundantly supported by the testimony and exhibits admitted as evidence of respondent's activities.

The record shows that on August 30, 1955, the Chairman of the Unauthorized Practices Committee of the Denver Bar Association notified the respondent by letter that the preparation of the Alvarado power of attorney constituted unauthorized practice of law. Respondent Bert E. Gregory acknowledged this letter on September 10, 1955, offered his apologies and assured the committee that "he would desist from any further activities which would tend to indicate an unauthorized practice of the law."

Apparently respondent considered this promise of a rather fleeting and transitory nature for the record further discloses that shortly thereafter respondent had worked up a bankruptcy business which, except for the

rather meager fees received, would arouse the envy of many lawyers. He had also ventured into the turbulent seas of domestic relations by drawing a separation agreement between an embattled husband and wife.

In an effort to negate possible charges of unlawfully practicing law, respondent consistently made on all receipts which he issued for his so-called typing service one or the other of the following notations: "No legal service rendered" or "No legal advice furnished." An examination and evaluation of the service not rendered and advice not furnished leads us to question the truth of these diversionary notations; however, if respondent's purpose was to divert attention from the true character and legal effect of his activities, it was a vain effort at concealment.

Clearly respondent Bert E. Gregory is guilty of the charges preferred against him and which constitute contempt of this Court. Respondent Bert E. Gregory is found and adjudged to be in contempt of this Court and sentenced to pay a fine of $100.00 and the costs of these proceedings in the amount of $167.34, making a total of $267.34, which amount the respondent is ordered and directed to pay to the Clerk of this Court within fifteen days of the announcement hereof.

It is further ordered that respondent Bert E. Gregory be and he is hereby perpetually restrained and enjoined from preparing on behalf of other persons directly or indirectly, contracts, powers of attorney, wills, separation agreements, petitions and schedules in bankruptcy, or other legal documents, and from advertising, representing or holding himself out in any manner as an attorney, attorney at law or counsellor at law, or qualified or empowered to prepare legal documents or render legal services.